## STATE OF OREGON,
*Respondent,*

*v.*

## GARY DWIGHT SCHOTT,
*Appellant.*

(M726198; CA A46618)

760 P2d 1342

Michael E. Rose, Portland, argued the cause and filed the brief for appellant.

Timothy Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

Warden, P. J., specially concurring.

### GRABER, J.

Defendant was arrested for driving under the influence of intoxicants. ORS 813.010. After his arrest, he took a breath test on a Model 4011A Intoxilyzer. He moved to exclude the results of the test on the ground that it "was not performed in accordance with procedures mandated by the applicable Oregon Revised Statutes and the Oregon Administrative Rules." The trial court denied the motion and, after a trial to the court, entered a judgment of conviction. Defendant appeals, and we affirm.

*Former* ORS 487.815[1] directed the Department of State Police (department) to approve methods of chemically analyzing a person's breath:

"(1)   Chemical analyses of the person's breath, * * * to be valid under ORS 487.545, shall be performed according to methods approved by the * * * Department of State Police.

"* * * * *

"(3)   The Department of State Police shall:

"(a)   Approve techniques or methods of performing chemical analyses of a person's breath."

Pursuant to that authority, the department adopted these rules as of November 15, 1979:

**"Breath Testing Methods**

"257-30-005(1)   Approval of any instrument or equipment to be used for the testing of a person's breath to determine the alcoholic content of the blood may be issued by trained technicians of the Oregon State Police Crime Detection Laboratory after evaluation by one or more of the following means:

"(a)   Submission by the manufacturer or distributor of the instrument of at least two reports of studies correlating blood analyses and breath tests performed with this instrument, conducted by two separate laboratories of governmental health or law enforcement agencies, or independent organizations, financially unrelated to the manufacturer or distributor of such instruments.

"* * * * *

---

[1] *Now* ORS 813.160(1)(b). The former statute applies here. The current version is substantially similar.

"**Approved Breath Testing Equipment**

"257-30-015(1)   The following alcohol breath testing instruments are approved:

"(a)   Intoxilyzer, Models 4011 and 4011A, manufactured by Omicron Systems Corporation, Palo Alto, California, or CMI, Incorporated, Mintur, Colorado."[2]

Defendant argues that the department failed to follow OAR 257-30-005 when it adopted OAR 257-30-015 and, therefore, that the chemical analysis of his breath, using the Intoxilyzer Model 4011A, was not "performed according to methods approved by the * * * Department of State Police." *Former* ORS 487.815(1).[3]

██  Because the trial court concluded, and the state argues, that ORS 183.400(6) bars defendant from challenging the 1979 rule in 1987, we address that issue first. ORS 183.400(6) provides:

"The court shall not declare a rule invalid solely because it was adopted without compliance with applicable rulemaking procedures after a period of two years after the date the rule was filed in the office of the Secretary of State, if the agency attempted to comply with those procedures and its failure to do so did not substantially prejudice the interests of the parties."

The trial court and the state misread the statute, which means only what it says: We cannot invalidate a rule more than two years after its official filing solely for failure to comply with applicable rulemaking procedures, if the agency tried to comply, unless its failure to follow those procedures substantially prejudiced the interests of a party. Thus, the legislature has

---

[2] The quoted portions of the two rules have not been amended since their adoption.

[3] Accordingly, despite the views expressed in the concurrence, the issue here is distinct from those considered in *State v. Dart*, 305 Or 508, 753 P2d 1373 (1988). The state argues that *Dart* controls, and we note that the Supreme Court said:

"As did the Court of Appeals, we hold that the Intoxilyzer Model 4011A presently in use and the method by which its use was authorized satisfy all requirements of the relevant statutes and rules." 305 Or at 521.

However, that passage is *dictum* as to issues not presented in *Dart* and does not foreclose a challenge to the approval of the Intoxilyzer Model 4011A on bases not raised in that case.

prescribed *how* we must review certain cases, not *when* we can review them.[4]

■      The scope of our review is established by ORS 183.400(4):

"The court shall declare the rule invalid only if it finds that the rule:

"(a)    Violates constitutional provisions;

"(b)    Exceeds the statutory authority of the agency; or

"(c)    Was adopted without compliance with applicable rulemaking procedures."

In this case, only subsection (c) is at issue. Defendant contends that OAR 257-30-015 is invalid for the reason that the department failed to comply with OAR 257-30-005, an "applicable rulemaking procedure."

Even if OAR 257-30-005 were a "rulemaking procedure," which we need not decide, it did not control the adoption of OAR 257-30-015 in 1979. The two rules were promulgated simultaneously. OAR 257-30-005 did not exist when the department adopted OAR 257-30-015. Neither did the governing statute, *former* ORS 487.815, require that a rule like OAR 257-30-005 (or any other specified procedure) be used to approve breath testing methods. Therefore, the criteria of OAR 257-30-005 did not apply to the machines approved in the original version of OAR 257-30-015. That being so, OAR 257-30-015 is not invalid on the ground asserted by defendant.

Affirmed.

**WARDEN, P. J.,** specially concurring.

I concur in the majority's result on the basis of *State v. Dart,* 305 Or 508, 521, 753 P2d 1373 (1988), where the Supreme Court stated:

---

[4] The trial court also held that it had jurisdiction to determine the validity of the rule. We agree. ORS 183.400(2) provides, in part: "The validity of any applicable rule may also be determined by a court * * * upon enforcement of such rule * * * in the manner provided by law." Introduction of the results of the Intoxilyzer 4011A test is one means of "enforcement" of the rule approving its use. *See Hay v. Dept. of Transportation,* 301 Or 129, 137, 719 P2d 860 (1986).

"In OAR 257-30-015 the State Police approved Intoxilyzer 4011A, manufactured by CMI. The Intoxilyzer in these cases is Model 4011A. As did the Court of Appeals, we hold that the Intoxilyzer Model 4011A presently in use and the method by which its use was authorized satisfy all requirements of the relevant statutes and rules."

The majority opinion holds that the criteria of OAR 257-30-005 were inapplicable to the approval of the Intoxilyzer Model 4011A because OAR 257-30-005 and OAR 257-30-015 were adopted simultaneously. The state did not make that argument, and it is unnecessary so to hold to reach the correct result. The Supreme Court has decided the issue in *State v. Dart, supra.*